46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jo Ann DAVIS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7074.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Jo Ann Davis (claimant) appeals the district court's decision affirming the Secretary's denial of her application for supplemental security income benefits. Claimant asserts that she has been disabled since May 1991 because of the limited use she has of her left leg as a result of the removal of a nonmalignant bone tumor and the accompanying reconstructive surgery on her left knee. She also asserts that she suffers from disabling lower back and right knee pain and carpal tunnel syndrome in both wrists.
 
 
 3
 The administrative law judge (ALJ) determined, at the fifth step of the applicable five-step sequential analysis, see 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that although claimant could no longer perform her past relevant light work in a chicken plant, she remained capable of performing a full range of sedentary work. The Appeals Council denied review, after considering claimant's supplemental evidence, and, therefore, the ALJ's determination became the Secretary's final decision.
 
 
 4
 This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We cannot reweigh the evidence or substitute our judgment for that of the Secretary.
 
 
 5
 Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991) (citations omitted). At step five, the Secretary bears the burden of proving that claimant remains capable of performing work existing in the national economy. Williams, 844 F.2d at 751.
 
 
 6
 On appeal, claimant asserts three arguments: 1)the Secretary's findings are not supported by substantial evidence; 2)the ALJ's questions posed to the vocational expert were incomplete and objectionable; and 3) the ALJ failed to consider properly claimant's need to alternate sitting and standing. Upon consideration of the record and the parties' written arguments, we affirm.
 
 
 7
 The ALJ determined that, despite the significant medical impairment to her left leg, claimant remained capable of performing a full range of sedentary work. Therefore, although the ALJ heard testimony from a vocational expert (VE), the ALJ relied upon the pertinent medical-vocational guideline (grids), see 20 C.F.R. Pt. 404, Subpt. P, App. 2, to determine that claimant was not disabled.
 
 
 8
 Conclusive application of the grids is not appropriate unless the claimant can perform a full range of sedentary work on a daily basis and unless the claimant possesses the physical capacity to perform most of the jobs in that range. Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir.1993). The ALJ did not err in determining that claimant possessed the exertional capacity to perform a full range of sedentary work. See 20 C.F.R. 416.967(a); see also Social Security Ruling 83-10. Further, despite claimant's argument that she suffered additional, nonexertional limitations on her ability to perform a full range of sedentary work, the record contains substantial evidence to support the ALJ's determination that her ability to perform sedentary work was not further restricted.
 
 
 9
 Claimant next argues that the ALJ erred in the questions that he posed to the VE. Because the ALJ did not err in finding that claimant was not disabled by applying the grids, we need not consider the propriety of the hypothetical questions that the ALJ posed to the VE.
 
 
 10
 Lastly, claimant argues that the ALJ ignored the language in Social Security Ruling 83-12, which indicates that a person who must alternate between sitting and standing " 'is not functionally capable of doing ... the prolonged sitting, contemplated in the definition of sedentary work.' " Appellant's Br. at 22 (quoting Social Security Ruling 83-12). Although the ALJ determined that claimant, because of her limited use of her left leg, could not "engage in activities requiring a significant amount of standing and walking," Appellant's App., v.II at 19, the ALJ specifically found that claimant's medical condition would not preclude her from sitting for the length of time required for the performance of sedentary work. Id. at 22. The record contains substantial evidence to support the ALJ's findings. Because claimant's medical condition did not require her to alternate between sitting and standing, Social Security Ruling 83-12 was not applicable.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma upholding the Secretary's denial of benefits is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470